IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JODY BALL, | § | |
| INDIVIDUALLY, AND ON BEHALF OF | § | |
| OTHERS SIMILARLY SITUATED | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-1253 |
| | § | |
| UNITED PARCEL SERVICE, INC., | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S CLAIMS IN PART

Shannon B. Schmoyer
State Bar No. 17780250
Southern District of Texas Bar No. 15891
SCHMOYER REINHARD LLP
3619 Paesanos Parkway, Suite 202
San Antonio, Texas 78231
Phone:  (210) 447-8033
Fax:  (210) 447-8036

**ATTORNEY-IN-CHARGE FOR
DEFENDANT UNITED PARCEL
SERVICE, INC.**

OF COUNSEL:
Christine E. Reinhard
State Bar No. 24013389
Southern District of Texas Bar No. 25545
Justin Barbour
State Bar No. 24055142
Southern District of Texas Bar No. 1093466
SCHMOYER REINHARD LLP

# TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT ........................................................................ 6

II.   ISSUES FOR DECISION.............................................................................. 7

III.  FACTUAL BACKGROUND, NATURE OF THE CASE
      AND STAGE OF PROCEEDING ...................................................................... 8

IV.  ARGUMENT & AUTHORITIES...................................................................... 9

     A.    *Rules 12(b)(6) Requires Dismissal of Claims if Complaint Fails to State*
          *Claim for which Relief can be Granted* .......................................... 9

     B.    *Ball has not Exhausted the Administrative Remedies*
          *Prerequisite to a Claim for ADA Retaliation* ................................. 10

     C.    *Ball Fails to Plead Plausible Claim for Common Law Conspiracy* .............. 11

          1.    There are no plausible allegations regarding the
                conspiracy's alleged "object or course."............................... 12

          2.    There are no plausible allegations regarding alleged
                "meeting of the minds." ...................................................... 12

          3.    Ball's conspiracy claim is preempted by his ADA
                statutory remedies. ............................................................. 14

     D.    *Ball Fails to Plead Plausible Claim for Invasion of Privacy*......................... 16

          1.    There are no plausible allegations that UPS's conduct
                was unreasonable, unjustified, unwarranted, or would
                have been highly offensive to a reasonable person ............................ 17

          2.    There are no plausible allegations Ball had a reasonable
                expectation of privacy ........................................................ 18

V.    CONCLUSION.......................................................................................... 19

# TABLE OF AUTHORITIES

## CASES

*Am. Bus. Assoc. v. Slater,*
231 F.3d 1 (C.A. D.C. 2000) ........................................................................... 15

*Asongwe v. Wash. Mutual Card Servs.,*
No. 3:09-cv-0668, 2009 WL 2337558 (N.D. Tex. July 29, 2010).........................10

*Aschroft v. Iqbal,*
129 S.Ct. 1937(2009).......................................................................... 7, 10, 11, 19

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ....................................................... 7, 9, 10, 11, 14, 17, 19

*Berry v. Bryan Cave LLP,*
3:08-CV-2035, 2010 WL 1904885 (N.D. Tex. May 11, 2010)........................... 12

*Bouaziz v. AZT Corp.,*
No. 3:10-cv-0053, 2010 WL 2813403 (N.D. Tex. July 9, 2010)........................... 10

*Buchanon v. City of San Antonio,*
85 F.3d 196 (5th Cir. 1996) ........................................................................... 15

*Cain v. Hearst Corp.,*
878 S.W.2d 577 (Tex. 1994) ........................................................................... 16

*Cliburn v. CUSA KBC, LLC,*
07-CV-0620, 2007 WL 4170265 (W.D. Tex. Nov. 19, 2007)....................................... 17, 18

*County of El Paso v. Jones,*
09-CV-00119, 2009 WL 4730343 (W.D. Tex. Dec. 4, 2009) ............................................. 14

*Dunlap v. Denison Indep. Sch. Dist.,*
No. 4:09-cv-234, 2010 WL 1189561 (E.D. Tex. Mar. 25, 2010) .................................. 17, 18

*Flowers v. So. Reg. Physician Servs., Inc.,*
247 F.3d 229 (5th 2001) ........................................................................... 15

*Hey v. Irving,*
161 F.3d 7 (5th Cir. 1998) ................................................... 13

*Love Terminal Partners, LP v. City of Dallas,*
527 F. Supp.2d 538 (N.D. Tex. 2007)............................................ 12

*Mack v. Astrue,*
No. 09-3337, 2010 WL 2218239 (S.D. Tex. May 14, 2010)............................ 10

*Medistar Twelve Oaks Ptrs., Ltd. V. Am. Econ. Ins. Co.,*
H-09-3828, 2010 WL 1996596 (S.D. Tex. May 17, 2010) ................................ 13

*Medvey v. Oxford Health Plans,*
313 F. Supp.2d 94 (D. Conn. 2004)................................................ 15

*Miller v. Sw. Bell Tele. Co.,*
51 Fed.Appx. 928 (5th Cir. 2002)................................................. 10

*Morrison v. Weyerhaeuser Co.,*
119 Fed.Appx. 581 (5th Cir. 2004)........................................... 16, 19

*Murray v. Earle,*
405 F.3d 278 (5th Cir. 2005) ................................................. 11

*Rowe v. Sullivan*,
976 F.2d 186 (5th Cir. 1992) ................................................. 15

*Spurlock v. Johnson,*
94 S.W.3d 655 (Tex. App.—San Antonio 2002) ................................ 13

*Tri v. J.T.T.,*
162 S.W.3d 552 (Tex. 2005) ................................................. 11

*Transp. Ins. Co.* v. Faircloth,
898 S.W.2D 269 (Tex. 1995) ................................................. 14

*Western Rim Invest. Advisors, Inc. v. Gulf Ins. Co.,*
269 F. Supp.2d 836 (N.D. Tex. 2003)........................................... 16

*Wheatfall v. Potter,*
No. 07-1937, 2010 WL 2854284 (S.D. Tex. July 19, 2010) ............................ 15

**STATUTES**

29 U.S.C. § 2601 ........................................................................................................ 9

TEX. LAB. CODE § 451.001 ........................................................................................ 9

**FEDERAL RULES OF CIVIL PROCEDURE**

FED. R. CIV. P. 12(b)(6) ............................................................................................ 9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JODY BALL, | § | |
| INDIVIDUALLY, AND ON BEHALF OF | § | |
| OTHERS SIMILARLY SITUATED | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-1253 |
| | § | |
| UNITED PARCEL SERVICE, INC., | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S CLAIMS IN PART

For its Rule 12(b)(6) Motion to Dismiss Plaintiff's Claims in Part, Defendant United Parcel Service Inc. (Ohio) ("UPS") respectfully shows the following:

### I.    SUMMARY OF ARGUMENT

Plaintiff Jody Ball ("Ball") filed his First Amended Complaint (the "Amended Complaint") on January 12, 2011. Dkt. No. 17. Ball's Amended Complaint does not materially alter the factual allegations in the Original Complaint but, instead, adds three additional causes of action, including claims for discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), common law conspiracy, and common law invasion of privacy. However, for each of these three additional causes of action, the Amended Complaint fails to plead a claim for which relief may plausibly be

granted, and UPS respectfully requests the Court dismiss Ball's ADA, conspiracy, and invasion of privacy claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.      ISSUES FOR DECISION

In accordance with the Court's Procedures, UPS provides its statement of issues to be ruled upon:

1.      Whether Ball has exhausted the administrative remedies prerequisite to his ADA discrimination and retaliation claim and, similarly, whether the Amended Complaint states an ADA discrimination or retaliation claim for which relief may be granted.  As a threshold matter, Ball has never received a Notice of Right to Sue from the Equal Employment Opportunity Commission, nor does his Amended Complaint plead that he has done so.  Under the Supreme Court's recent *Twombly* and *Iqbal* decisions, Ball's ADA claims should be dismissed unless his Amended Complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 546, 127 S.Ct. 1955, 167 L. Ed.2d 929 (2007); *Aschroft v. Iqbal*, 129 S.Ct. 1937, 1948-9, 173 L. Ed.2d 868 (2009).  Because Ball has not pleaded that he has exhausted his administrative perquisites by receiving a Notice of Right to Sue (and he in fact has not received one), he fails to state an ADA claim for which relief may be granted, and this claim should be dismissed with prejudice.

2.      Whether Ball's Amended Complaint states a common law conspiracy claim for which relief may be granted.  This issue is subject to the same standard of review as Ball's ADA retaliation claim.

3.     Whether Ball's Amended Complaint states a common law invasion of privacy claim for which relief may be granted.  This issue is subject to the same standard of review as Ball's ADA retaliation claim.

### III.    FACTUAL BACKGROUND, NATURE OF THE CASE, AND STAGE OF PROCEEDING

4.     Ball filed his Original Complaint on April 21, 2010.  Dkt. No. 1.  On November 1, 2010, Ball filed a Motion for Leave to Amend his Original Complaint, which the Court granted on December 2, 2010, and directed Ball to file his Amended Complaint as a separate docket entry.  Dkt Nos. 12, 14.  Ball's First Amended Complaint was filed on January 12, 2011.  Dkt. No. 17.

5.     Both Ball's Original and Amended Complaints allege he suffered an on-the-job injury in June 2009, and thereafter was treated by NOVA Health Care Center, "an entity with whom UPS has contracted to provide medical services to UPS employees." Dkt. Nos. 1, 17 at ¶ 12.  Mr. Ball further alleges UPS attempted to influence NOVA's diagnosis of his condition.  *Id.* at ¶¶ 13-14.  Finally, Ball alleges UPS was attempted to return him to work before he was ready to do so or, apparently in the alternative, that UPS attempted to prevent him from returning to work at all.  *Id.* at ¶ 15.

6.     In February 2010, Ball, still not having received NOVA's release to return to work, was placed on UPS-approved FMLA leave.  *Id.* at ¶ 17.  In March 2010, Ball attempted to return to work by producing a return-to-work certificate from a Dr. Carl Cannon.  However, because Ball had not obtained a return-to-work certificate from NOVA, the entity that originally placed him on work restrictions, UPS was unable to

facilitate his return to work at that time.  *Id.* at ¶¶ 22, 26.  Both the Original and Amended Complaints allege UPS, then Ball's employer, discriminated and/or retaliated against him for his exercise of certain rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and Texas Workers' Compensation Act, TEX. LAB. CODE § 451.001, *et seq.* Dkt. No. 1.

7.     The Amended Complaint does not meaningfully alter any of the Original Complaint's factual allegations, including the allegations outlined in Paragraphs 5 and 6 above.  Instead, it simply seeks to add three additional causes of action, including claims for ADA discrimination and retaliation, common law conspiracy, and common law invasion of privacy.  Dkt. No. 17 at ¶¶ 35-37.

### IV.     ARGUMENT & AUTHORITIES

**A.     Rule 12(b)(6) Requires Dismissal of Claims if Complaint Fails to State Claim for which Relief can be Granted.**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of certain claims if the live pleading fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  Although Rule 12(b)(6) requires this Court to accept the factual allegations in Ball's Amended Complaint as true, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted).  *Twombly* prescribes that "factual allegations must be enough to raise a right to relief above the speculative level," and to survive a Rule 12(b)(6) challenge, "a complaint must contain sufficient factual matter, accepted as

true to state a claim to relief that is plausible on its face." *Id.*; *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L. Ed.2d 868 (2009).   Thus, Ball's ADA, common law conspiracy, and common law invasion of privacy claims must be dismissed if the Amended Complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

## B.   Ball has not Exhausted the Administrative Remedies Prerequisite to a Claim for ADA Retaliation.

Ball has failed to satisfy the administrative prerequisites for his ADA discrimination and retaliation claim and, as a result, that claim should be dismissed.   Federal law requires Ball have previously filed a charge of discrimination with the EEOC specifically raising his underlying claims before filing suit under federal anti-discrimination statutes.   *Miller v. Sw. Bell Tele. Co.,* 51 Fed.Appx. 928, 2002 WL 31415083, at *6 (5th Cir. 2002).   Similarly, Ball must receive a Notice of Right to Sue from the EEOC before any ADA claim is ripe and he can properly file suit.   *Bouaziz v. AZT Corp.,* No. 3:10-cv-0053, 2010 WL 2813403, at *1 (N.D. Tex. July 9, 2010) (receiving a "right to sue" notice is a "statutory condition precedent to bringing suit" under the ADA); *Asongwe v. Wash. Mutual Card Servs.,* No. 3:09-cv-0668, 2009 WL 2337558, at *4 (N.D. Tex. July 29, 2009) (Plaintiff's "admission that she never received a notice of right to sue provides a … basis for dismissal of her claims brought under … the ADA").   Furthermore, a Rule 12(b) motion is the proper vehicle to dismiss such claims when the Plaintiff has failed to plead total compliance with these statutory prerequisites and in fact has failed to do so.   *See id.; Mack v. Astrue,* No. 09-3337, 2010 WL 2218239, at *4 (S.D. Tex. May 14, 2010) ("Rule 12(b)(6)'s analysis is "the

proper vehicle to seek dismissal of an action based on the failure to exhaust administrative remedies").

Not only has Ball failed to plead he has received a Notice of Right to Sue, he in fact has failed to receive actually such authority from the EEOC.  Consequently, Ball's claim claim should be dismissed.

**C.    Ball's Fails to Plead Plausible Claim for Common Law Conspiracy.**

Ball has failed to allege the required elements necessary for a conspiracy claim. Ball's conspiracy claim simply alleges:

> UPS violated Jody Ball's rights under the Texas and federal common law of conspiracy by conspiring with NOVA Health Care Center ("Nova") to violate Mr. Ball's rights under the FMLA, the ADA, the anti-retaliation provision of the Texas Workers Compensation Act, and the Texas common law of invasion of privacy.

Dkt. No. 17 at ¶ 37.  To establish such a claim, the Amended Complaint must satisfy the *Twombly* and *Iqbal* pleading standards by plausibly alleging each of the following elements: i) two or more persons; ii) an illegal object to be accomplished, iii) a meeting of the minds on the object or course of action, iv) one or more unlawful overt acts in furtherance of the conspiracy, and v) damages as a proximate result.  *Tri v. J.T.T.,* 162 S.W.3d 552, 556 (Tex. 2005); *Murray v. Earle,* 405 F.3d 278, 293 (5th Cir. 2005).  Ball must also prove that UPS and NOVA "conspired to accomplish an unlawful purpose or used an unlawful means to accomplish a lawful purpose."  *Murray,* 405 F.3d at 293.  Ball's proposed Amended Complaint fails to make any allegations—let alone "plausible" allegations—supporting several of these elements, and this claim should be dismissed.

1.  **There are no plausible allegations regarding the conspiracy's alleged "object or course."**

As a threshold matter, the Amended Complaint fails to provide any allegations regarding the alleged "object or course" of the purported conspiracy between UPS and NOVA, and in fact entirely ignores that element of the cause of action.  Apart from alleging that UPS made certain statements to and requests of NOVA, the Amended Complaint is absolutely devoid of allegations regarding how the entities' conduct, intentions, or motivations were purportedly intertwined.

By comparison, in *Berry v. Bryan Cave LLP,* 3:08-CV-2035, 2010 WL 1904885, at *6 (N.D. Tex. May 11, 2010), the complaint at least alleged the mere existence of an "object or course" of the alleged conspiracy, and that the defendants had agreed on such.  Even greater detail was provided in *Love Terminal Partners, LP v. City of Dallas,* 527 F. Supp.2d 538, 554 (N.D. Tex. 2007), where the complaint alleged the purported conspirators had "secret discussions," decided on "parameters of their illegal combination," and agreed to "destroy" the object of their conspiracy.  Yet in both of these cases, the district courts decided the allegations were insufficient to adequately plead a claim for civil conspiracy.  In the instant matter, the Amended Complaint fails to provide even threadbare recitals of the "object or course" element of the conspiracy claim, instead choosing to ignore that requirement entirely.

2.  **There are no plausible allegations regarding alleged "meeting of the minds."**

Even if the Court concludes Ball's Amended Complaint alleges an "object or course" of the conspiracy, the conspiracy claim should be dismissed for its failure to plausibly allege

a "meeting of the minds" between UPS and NOVA.  The "meeting of the minds" element is necessary to demonstrate an affirmative intent of the alleged conspirators to damage the plaintiff.  With regard to conspiracy allegations, claimants are "required to allege more than conclusory allegations and [must] show specific facts that would support a meeting of the minds" between the alleged conspirators. *Spurlock v. Johnson,* 94 S.W.3d 655, 658-9 (Tex. App.—San Antonio 2002); *Hey v. Irving,* 161 F.3d 7, 1998 WL 723819, at *3 (5th Cir. 1998) ("[G]eneral conclusory charges of conspiracy with 'no specific allegation of facts tending to show a prior agreement' cannot survive a motion to dismiss").   Thus, "bare conclusory allegations that [defendants] demonstrated a meeting of the mind"—which even the proposed Amended Complaint fails to allege—would be insufficient to withstand a Motion to Dismiss.  *Hey*, 1998 WL 723819, at *3 (5th Cir. 1998).

To survive a Rule 12(b)(6) motion, a conspiracy claim must allege the specific circumstances necessary to plausibly conclude each conspirator possessed and affirmatively agreed upon the requisite culpable mindset. *Medistar Twelve Oaks Ptrs., Ltd. V. Am. Econ. Ins. Co.*, H-09-3828, 2010 WL 1996596, at *6 (S.D. Tex. May 17, 2010).  In *Medistar* the complaint did "not identify the circumstances—the who, what, when, and where" to establish any agreement or meeting of the minds between all parties to conspire. *Id.* at *6. Instead, the complaint made "only broad, blanket statements about all of them generally," and as a result the conspiracy claim was insufficiently alleged.  *Id.*  Similarly, Ball has failed to "plead a viable claim for conspiracy because" his allegations "are merely speculative and fail to identify a specific time or place in which any meeting of the minds occurred." *Id.*

Furthermore, the conspiracy claim should be dismissed as it fails to address or allege any culpable state of mind by NOVA, the alleged co-conspirator.  "Texas law holds that a civil conspiracy requires a meeting of the minds between two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *County of El Paso v. Jones,* 09-CV-00119, 2009 WL 4730343, at *11 (W.D. Tex. Dec. 4, 2009) (citing *Transp. Ins. Co. v. Faircloth,* 898 S.W.2d 269, 278 (Tex. 1995)).  In *Jones,* although the complaint set forth a variety of complaints regarding the conduct of one party, "averments of any sort concerning" the alleged co-conspirator were "surprisingly few and far between."  *Id.* at *11.

Unlike Ball's Amended Complaint—which makes no meaningful allegations whatsoever regarding NOVA's intent to conspire—in *Jones* the complaint did in fact contain allegations that "suggest[ed] a meeting of the minds."  However, that complaint still failed to specifically allege how the meeting of the minds "actually contemplated unlawful means or ends."  *Id*.  Thus, even though the *Jones* complaint's allegations were far more detailed than those in Ball's Amended Complaint, it nonetheless failed to state a claim for conspiracy and that claim was dismissed.  Because Ball's Amended Complaint fails to provide even general averments regarding a "meeting of the minds" between NOVA and UPS, let alone provide the detailed allegations necessary to withstand *Twombly's* analysis, this claim is deficient and should be dismissed.

### 3.    Ball's conspiracy claim is preempted by his ADA statutory remedies.

The Fifth Circuit has generally noted that "the ADA is part of the same broad remedial framework as Title VII, and that all anti-discrimination acts have been subjected to

similar analysis." *Flowers v. So. Reg. Physician Servs., Inc.,* 247 F.3d 229, 234 (5th 2001). Specifically, the ADA incorporates the remedies and procedures set forth in Section 2000a-3 of the Civil Rights Act of 1964.  42 U.S.C. § 12188(a)(1).  As a result, the remedies for ADA violations are identical to those for violations of Title VII.  *Id.*; *Buchanon v. City of San Antonio,* 85 F.3d 196, 200 (5th Cir. 1996).  Like the remedies for Title VII, Congress "made clear" that the ADA's statutory remedies are exclusive of any related causes of action.  *Am. Bus. Assoc. v. Slater,* 231 F.3d 1, 5 (C.A. D.C. 2000); *Wheatfall v. Potter,* No. 07-1937, 2010 WL 2854284, at *8 (S.D. Tex. July 19, 2010).

When a complaint alleges both statutory and tort claims, yet relies on the "same facts" to establish an ADA or Title VII claim, the tort claim is "not sufficiently distinct" to avoid preemption and must be dismissed.  *Wheatfall,* 2010 WL 2854284 at *8 (citing *Rowe v. Sullivan,* 976 F.2d 186, 189 (5th Cir. 1992)).  Tort claims such as intentional infliction of emotional distress, negligent hiring, or in this case conspiracy, are "not sufficiently distinct" when they are based on the same set of operative facts.  In those situations the plaintiff's recovery is limited to the "exclusive" statutory remedies afforded him under the ADA or Title VII, and the extraneous tort claims should be dismissed.  *Id.*; *Medvey v. Oxford Health Plans,* 313 F. Supp.2d 94, 99 (D. Conn. 2004) ("Because … plaintiff has asserted other statutory mechanisms by which she may obtain a remedy [including the ADA], her common law claim of conspiracy to deny her employment is preempted by such acts").

In the instant matter, Ball's common law claim for conspiracy purports to arise from the same set of operative facts giving rise to his claim for ADA retaliation.  Simply put, both Ball's conspiracy and ADA retaliation claims allege his employment was terminated

15

following his exercise of certain protected rights, and that termination was improper.  The same set of facts will determine whether there is liability under either cause of action, and such a determination will necessarily be dispositive of both causes of action.   Ball's conspiracy claim is preempted by the ADA's exclusive enforcement scheme and should be dismissed.

**D.      Ball's Fails to Plead Plausible Claim for Invasion of Privacy.**

Finally, Ball's Amended Complaint fails to plead a plausible claim for common law invasion of privacy and should be dismissed.[1]  Ball's cause of action for invasion of privacy alleges UPS made "an intentional and an unreasonable, unjustified and/or unwarranted intrusion, physically or otherwise, upon the solitude, seclusion, or private affairs of Mr. Ball, which would be highly offensive to a reasonable person."  Dkt. 17 at ¶ 36.

There are typically four elements to such an invasion of privacy claim: i) an intentional intrusion, ii) upon the seclusion, solitude, or private affairs of another, iii) that would be highly offensive to a reasonable person, and iv) that the intrusion be unreasonable, unjustified, or unwarranted.  *Morrison v. Weyerhaeuser Co.,* 119 Fed.Appx. 581, 588 (5th Cir. 2004).  In the employment context, Texas also adds a requirement that the employee plead facts demonstrating he had a reasonable expectation of privacy in the area searched or the matters investigated.  *Id.*

---

[1]  Texas and the federal common law recognize three and four separate invasion of privacy torts, respectively.  *Cain v. Hearst Corp.,* 878 S.W.2d 577, 578 (Tex. 1994) (noting Texas recognizes three such torts); *Western Rim Invest. Advisors, Inc. v. Gulf Ins. Co.,* 269 F. Supp.2d 836, 847 (N.D. Tex. 2003) (holding federal common law generally recognizes four such torts).  Ball broadly alleges his claim is for "invasion of privacy," yet fails to specify which of these theories he intends to pursue.  However, given the language set forth in Paragraph 36 of the Amended Complaint, it appears Ball's invasion of privacy claim is more specifically known as the "tort of unreasonable intrusion upon seclusion."

Ball's invasion of privacy cause of action merely recites the elements of such a claim, but the Amended Complaint itself is devoid of any substantive allegations. Specifically, the Amended Complaint fails to provide any allegations that UPS's conduct was unreasonable, unjustified, or unwarranted, would have been highly offensive to a reasonable person, or that Ball had a reasonable expectation of privacy with regard to any such conduct, and thus this claim should be dismissed.

**1.     There are no plausible allegations that UPS's conduct was unreasonable, unjustified, unwarranted, or would have been highly offensive to a reasonable person.**

The Amended Complaint makes no allegations whatsoever demonstrating UPS's conduct was unreasonable, unjustified, unwarranted, or that a "reasonable person" would have been "highly offended" by such.  As an example, in *Dunlap v. Denison Indep. Sch. Dist.,* No. 4:09-cv-234, 2010 WL 1189561, at *4 (E.D. Tex. Mar. 25, 2010), the plaintiff sued for invasion of privacy after her employer searched her purse and person for a suspected concealed weapon.  The district court, applying *Twombly's* heightened pleading standards, held the complaint must specifically allege "why the alleged [conduct] would be highly offensive to a reasonable person."  *Id.*  However, the complaint merely recited the elements of the claim, with bare allegations that a reasonable person would be offended, just like Ball's instant claim for invasion of privacy.  The *Dunlap* court held such allegations were insufficient and dismissed the claim.

However, the law of this Circuit goes farther and demonstrates that UPS's conduct in fact was affirmatively reasonable, especially in light of the employer-employee relationship between UPS and Ball.  Consider *Cliburn v. CUSA KBC, LLC,* 07-CV-0620, 2007 WL

4170265, at *2 (W.D. Tex. Nov. 19, 2007), involving an employment dispute between a bus driver and her employer regarding certain medical issues and her ability to return to work. In that case, the employee alleged her employer invaded her privacy by requesting and reviewing certain confidential medical records, even though the employee had expressly told her medical care provider such documents were not to be kept confidential.  *Id.* However, the court concluded "requesting the records is not unreasonable, unjustified or unwarranted," and a reasonable person would not consider [the employer's] efforts to obtain medical records as highly offensive" because such records were sought solely to evaluate the employee's ability to return to work and perform the essential functions of her position. *Id.* at *3.   Thus, the court determined these bare allegations were "insufficient to raise a right to relief above the speculative level" and the employee failed to state a claim upon which relief could be granted.  *Id.*

Even when interpreted most favorably to him, Ball's invasion of privacy cause of action is no different than that in *Dunlap* or *Cliburn*.   At best, Ball offers a mere recital of the elements of his claim, and the factual allegations of his Amended Complaint offer no more insight or explanation.   Baldly stating UPS's conduct was unjustified, unreasonable, unwarranted, and "would be highly offensive to a reasonable person" without any more explanation, context, or allegation is insufficient, and the claim should be dismissed.

### 2.    There are no plausible allegations Ball had a reasonable expectation of privacy.

As noted above, in an employment case arising under Texas law, an invasion of privacy claim must sufficiently state the plaintiff "had a reasonable expectation of privacy in

the area searched or the matters investigated." *Morrison v. Weyerhaeuser Co.,* 119 Fed.Appx. 581, 588 (5th Cir. 2004). And, once again, Ball fails to even offer a recitation of this element of his claim and certainly does not allege facts sufficient to satisfy *Twombly* and *Iqbal*. In fact, the word "privacy" occurs only twice in the entirety of Ball's Amended Complaint: first, with regard to the Court's supplemental jurisdiction in Paragraph 3, which contains no material allegations, and second in the formulaic recitation of his cause of action in Paragraph 36. Quite simply, the Amended Complaint never once addresses or explains Ball's expectation of privacy and certainly does not explain the parameters of such nor whether they were reasonable. As a result, he has failed to plead yet another essential element of his claim, and his claim for invasion of privacy should be dismissed.

## V.   CONCLUSION

Ball's proposed Amended Complaint adds no new factual allegations and, instead, at best relies upon mere recitals of the elements underlying his additional claims. The Amended Complaint's claim for ADA retaliation must be dismissed, as Ball has failed to exhaust administrative prerequisites. The Amended Complaint further fails to allege an "object or course" or "meeting of the minds" in support of his conspiracy claim. And finally, it fails to establish a claim for invasion of privacy as it does not allege UPS's conduct (i) was unwarranted, unjustified, unreasonable, (ii) would have been highly offensive to a reasonable person or (iii) in any way involved Ball's reasonable expectation of privacy.

Ball bears the burden to plead each and every element of these new claims in accordance with the Supreme Court's heightened *Twombly* and *Iqbal* standards. Because he

failed to do so, Defendant respectfully prays the Court grant its Motion to Dismiss and dismisses Ball's ADA, conspiracy, and invasion of privacy claims with prejudice.

Respectfully submitted,

/s/ Shannon B. Schmoyer
Shannon B. Schmoyer
State Bar No. 17780250
Southern District of Texas Bar No. 15891
SCHMOYER REINHARD LLP
3619 Paesanos Parkway, Suite 202
San Antonio, Texas 78231
Phone:  (210) 447-8033
Fax:  (210) 447-8036

**ATTORNEY-IN-CHARGE FOR DEFENDANT UNITED PARCEL SERVICE, INC.**

OF COUNSEL:
Christine E. Reinhard
State Bar No. 24013389
Southern District of Texas Bar No. 25545
Justin Barbour
State Bar No. 24055142
Southern District of Texas Bar No. 1093466
SCHMOYER REINHARD LLP
3619 Paesanos Parkway, Suite 202
San Antonio, Texas 78231
Phone:  (210) 447-8033
Fax:  (210) 447-8036

## <u>CERTIFICATE OF SERVICE</u>

On March 8, 2011, a true and correct copy of this document was filed electronically, notice of the filing was served on all counsel by operation of the Court's electronic filing system, and all parties may access this filing through the Court's electronic filing system.

/s/Shannon B. Schmoyer
Shannon B. Schmoyer