IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JODY BALL, INDIVIDUALLY, AND ON BEHALF OF OTHERS SIMILARLY SITUATED<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>*Defendant*. | CIVIL ACTION NO. 4:10-CV-1253 |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S CLAIMS IN PART**

For its Reply to Plaintiff's Response to Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Claims in Part, Defendant United Parcel Service Inc. (Ohio) ("UPS") respectfully shows the following:

### I.   INTRODUCTION

Defendant's Rule 12(b)(6) identifies multiple, specific pleading defects inherent in Plaintiff's Amended Complaint and demonstrates that, per the *Twombly* and *Iqbal* analysis required by the United States Supreme Court, his claims for invasion of privacy and conspiracy must be dismissed.[1]  Rather than offering any type of factual averments necessary to demonstrate "plausible" claims for relief, Plaintiff's Response brief simply restates the elements of those claims yet again.  However, the *Twombly* and *Iqbal*

---

[1] As discussed further below, though Defendant maintains precedent suggests Plaintiff's claim for disability discrimination should also be dismissed, it understands that, in light of Plaintiff's interim receipt of a Right to Sue Letter from the EEOC, the Court will decline to dismiss the claim at this time.

standard unambiguously states that such threadbare recitals of the elements of a cause of action are insufficient, as a matter of law, to survive a Rule 12(b)(6) motion. Thus, Plaintiff's deficient pleadings, coupled with the ***outright concession*** that his conspiracy claim is preempted by his ADA statutory remedies, leaves dismissal the only proper remedy.

## II.  ARGUMENT

### A.  Motion to Dismiss was Filed Timely

Much of the Response argues UPS's Motion should be denied, in part, because it is untimely. Such assertions are baseless, however, as both the Federal Rules and this Court's Docket Control Order concur the Motion has been filed timely and is now ripe for the Court's decision. As a threshold matter, Federal Rule 12 provides that motions to dismiss for failure to state a claim for which relief can be granted may be filed at any time until and through trial. *See* Fed. R. Civ. P. 12(h)(2). Furthermore, the Court's Docket Control Order and Order revising same generally permits dispositive motions to be filed on or before June 6, 2011. *See* Dkt. Nos. 11 and 22. Thus, no source of authority required the Motion to be filed at any earlier time (and, indeed, Plaintiff cites no authority imposing such a requirement), and the Motion was filed timely.

But more importantly, Plaintiff's assertion that UPS has "waited almost an entire year before filing its Motion to Dismiss" is disingenuous and conclusively disproven by this matter's procedural posture. Plaintiff's Original Complaint, filed on April 21, 2010, solely brought claims for workers' compensation and FMLA retaliation. Not until November 1, 2010, did Plaintiff first move to amend his pleadings to include claims for disability

discrimination, invasion of privacy, and conspiracy (the claims subject to the Motion). *See* Dkt. No. 12. Defendant filed its Response to Plaintiff's Motion to Amend on November 22, 2010, arguing Plaintiff's proposed amendments should be denied because they were futile in that they failed to state a claim for which relief could be granted. *See* Dkt. No. 13. The Court's December 2, 2010 Order permitted Plaintiff's amendments but provided that UPS reserved its right to "assert any potential defenses to the amended pleading in its answer or other responsive pleading." Dkt. No. 14.

Though the Court directed Plaintiff to file his Amended Complaint as a separate docket entry on December 2, 2010, Plaintiff failed to do so until January 12, 2011. Thus, rather than delaying to file the Motion for "over a year," as the Response suggests, Plaintiff's delay meant January 12 was the earliest date on which Defendant's Motion could have been filed. Furthermore, Defendant's Response to Plaintiff's Motion for Leave to Amend explained the very grounds on which the instant Motion is now based and put Plaintiff on notice of the Amended Complaint's pleading defects. In sum, Defendant timely filed the Motion and it is now ready for the Court's consideration.

**B.      Plaintiff's Attempts to Distort and Exaggerate Evidence are Improper and Should be Disregarded in Their Entirety**

As the Complaint lacks the detailed factual allegations necessary to withstand dismissal, Plaintiff spends a substantial amount of his Response briefing distorting and misrepresenting the evidence and testimony offered in discovery in this matter. Plaintiff's counsel is well aware Rule 12(d) provides that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court,

3

>the motion must be treated as one for summary judgment under Rule 56.

Fed. R. Civ. P. 12(d).  Plaintiff's argumentation is an improper attempt to inject evidentiary issues into this inquiry, which must be based solely and exclusively on the content of Plaintiff's pleadings.  In light of Rule 12(d), Defendant respectfully declines to correct Plaintiff's egregious distortions of the underlying factual record.  The Federal Rules require the Motion be decided based solely upon the averments set forth within the four corners of Plaintiff's Complaint.  Thus, Plaintiff's allusions to the factual record are simply inappropriate, should be disregarded in their entirety, and are irrelevant to the Court's determination of the instant Motion.

**C.     Plaintiff Claims are Deficiently Pled**

Though the Response spends significant time with the arguments discussed above, very little discussion is given to the one issue truly relevant to the instant Motion: whether Plaintiff's newly added claims are sufficiently pled in light of the heightened pleading standards of *Twombly* and *Iqbal*.  Simply put, Plaintiff fails to offer a meaningful defense of his newly added claims, has failed to state a claim for conspiracy and invasion of privacy, and those claims should be dismissed.[2]

---

[2] Defendant's Motion also argued Plaintiff's claim for disability discrimination should be dismissed for failure to plead exhaustion of administrative prerequisites, and failure in fact to do so.  Though Plaintiff filed his Original Complaint in April 2010, he failed to file a charge of discrimination with the EEOC until **nearly four months later**, on August 5, 2010.  There is no dispute that, at the time the Motion was filed, Plaintiff had not obtained a Right to Sue Letter from the EEOC.  Thus, Defendant's Motion was premised, in part, upon the well accepted rule that his claims were subject to dismissal for failure to exhaust that administrative remedy.  *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. 1982) in fact agrees with the position set forth in Defendant's Motion.  *Id.* ("Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint … and receive statutory notice of the right to sue the respondent named in the charge").  *Pinkard* goes farther, however, and expressly warns against the type of conduct engaged in by Plaintiff in this matter, stating "We do not in any way approve the filing of suit prior to the receipt of a right-to-sue letter.  As we have noted *a prematurely filed suit is subject to dismissal upon proper motion at any time prior to the receipt of statutory notice*

### a. Common Law Conspiracy Claim

Plaintiff's Response suggests broad, general averments as to an alleged conspiracy's purported nature or existence are sufficient to satisfy the detailed pleading standards required under *Twombly* and *Iqbal*. This position is soundly contradicted by the precedent cited in the Motion, which require specific allegations as to each element of common law conspiracy claims. As Plaintiff fails to offer any allegations as to certain elements of this claim, dismissal remains appropriate.

Plaintiff's general averments that UPS and a third party medical provider, Nova Medical Centers, conspired to "alter and/or falsify" Plaintiff's medical records are exactly the type of generalized, conclusory allegations prohibited by *Twombly* and *Iqbal*. Rather than alleging facts that, if accepted on their face, would state a plausible claim for relief, Plaintiff instead relies solely on generalized statements that are, in essence, little more than a recital of the elements of the claim itself. Notably, Plaintiff fails to provide the Court any precedent in which such generalized allegations were found to state a claim for relief. Instead, Plaintiff's lone precedent is *Murray v. Earle,* a Fifth Circuit decision whose sole relevance to this matter is a simple recitation of the elements of a state law conspiracy claim. However, *Murray* offers no discussion of the proper pleading standards as to conspiracy claims and, consequently, is of no assistance in determining the Motion.

In contrast, the Motion offers multiple decisions in which courts, including the Fifth Circuit, have upheld the dismissal of conspiracy claims where the plaintiffs offered even

---

*of the right to sue*." *Id.* at 1219 n. 6 (emphasis added). Contrary to the Fifth Circuit's warning, Plaintiff filed suit for disability discrimination several months prior to the ultimate receipt of his Right to Sue letter, and that letter was only received after Defendant's Motion was filed.

more-detailed allegations than those in Plaintiff's Amended Complaint. *See, e.g., Love Terminal Partners, LP v. City of Dallas,* 527 F. Supp.2d 538, 554 (N.D. Tex. 2007) (though the complaint offered more detailed allegations as to the conspiracy's alleged "object or course" than those offered by Plaintiff in the instant matter, such allegations were nonetheless deficient and the claim dismissed); *County of El Paso v Jones,* 09-CV-00119, 2009 WL 4730343, at *11 (W.D. Tex. Dec. 4, 2009) (same).

But more critically, Plaintiff offers no allegations whatsoever concerning any alleged "meeting of the minds" between Defendant and Nova. Simply put, the Amended Complaint is devoid of any allegations that UPS and Nova ever formed a mutual subjective intent to purportedly conspire. Instead, Plaintiff simply alleges that a conspiracy existed, and upon that conclusion he alleges, *ipso facto,* a meeting of the minds must have happened at some point. But though plausible factual allegations of a meeting of the minds are an independent element of his claim, such averments are entirely missing from the Amended Complaint.

The Southern District of Texas has previously required claims of conspiracy "identify the circumstances—the who, what, when, and where" of the details of the alleged conspiracy. *Mediastar Twelve Oak Ptrs., Ltd. V. Am. Econ. Ins. Co.,* H-09-3828, 2010 WL 1996596, at *6 (S.D. Tex. May 17, 2010). As part of this requirement, allegations of such a "prior agreement" to conspire are absolutely essential to survive a motion to dismiss. *Hey v. Irving,* 161 F.3d 7, 1998 WL 723819, at *3 (5th Cir. 1998). Absent such allegations, even if all of Plaintiff's Amended Complaint were accepted as true on its face, he would nonetheless fail to state a claim for conspiracy. Consequently, dismissal is appropriate.

### b. Invasion of Privacy Claim

Similarly, Plaintiff's Response also fails to demonstrate his invasion of privacy claim can withstand the *Twombly* and *Iqbal* analysis. The Motion sets forth the four elements necessary to state a claim for relief for invasion of privacy, and that Plaintiff failed to plausibly allege (i) UPS's conduct was unreasonable, unjustified, unwarranted, or would have been highly offensive to a reasonable person, or (ii) that Plaintiff had a reasonable expectation of privacy. In response, Plaintiff's brief simply and broadly alleges "UPS's intrusion … would be highly offensive to a reasonable person." However, neither the Response nor the Amended Complaint offer any specific, let alone "plausible," factual allegations on this point. In essence, the Response simply restates this element of the cause of action, rather than identifying any factual allegations on the point. Yet, in *Twombly* the United States Supreme Court have unambiguously held that, to survive a Rule 12(b)(6) motion "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Plaintiff's lone response as to the invasion of privacy claim is, in essence, that his Amended Complaint stated the essential elements of that cause of action. However, this position essentially concedes he has failed to satisfy the *Twombly* and *Iqbal* pleading standards, and dismissal of this claim is also appropriate.

**D.     Plaintiff Concedes his Conspiracy Claim is Preempted by ADA Statutory Remedies, Requiring Dismissal**

Additionally, Plaintiff *entirely concedes* that his conspiracy claim is preempted by his ADA statutory remedies.  As the Motion explains, common law claims based upon the same facts as an ADA claim are preempted by the statute's exclusive enforcement scheme.  In the instant case, Plaintiff admits his conspiracy claim relies upon the same set of operative facts as Plaintiff's ADA claim, and such facts will ultimately determine liability under either cause of action.  Consequently, Plaintiff's claim is preempted, and dismissal is independently required on this ground.

**E.     Plaintiff's Alternative Request for Leave to Amend Should be Denied**

Finally, Plaintiff requests in the alternative yet another opportunity to amend his pleadings.  However, this supposed amendment would ostensibly involve additional, detailed factual allegations Plaintiff has, for some reason, failed to offer to this point.  Such additional pleading amendments at this late hour would likely require the parties to reopen discovery issues relevant to these additions.  Consequently, this purported amendment would almost certainly require yet another extension of the discovery cut-off (currently May 4, 2011) and potentially require the extension of the dispositive motion deadline and trial setting, as well.  Weighing the futility of allowing Plaintiff additional amendments to his Complaint against yet another delay in the prosecution of this matter, Plaintiff's request in the alternative should be denied.

### III. CONCLUSION

Plaintiff's Response essentially concedes his Amended Complaint offers little more than threadbare recitals of the elements of his claims for conspiracy and invasion of privacy. Such bare allegations fall far short of the "plausible" averments necessary to withstand a Rule 12(b)(6) motion under *Twombly* and *Iqbal* and, consequently, these claims must be dismissed with prejudice. Furthermore, Plaintiff has failed to offer any response to Defendant's argument his conspiracy claim is preempted by the ADA's exclusive enforcement scheme, affording the Court yet another independent basis to dismiss that claim.

Respectfully submitted,

/s/ Shannon B. Schmoyer
Shannon B. Schmoyer
State Bar No. 17780250
Southern District of Texas Bar No. 15891
SCHMOYER REINHARD LLP
3619 Paesanos Parkway, Suite 202
San Antonio, Texas 78231
Phone:  (210) 447-8033
Fax:  (210) 447-8036

**ATTORNEY-IN-CHARGE FOR DEFENDANT UNITED PARCEL SERVICE, INC.**

OF COUNSEL:
Christine E. Reinhard
State Bar No. 24013389
Southern District of Texas Bar No. 25545
Justin Barbour
State Bar No. 24055142
Southern District of Texas Bar No. 1093466
SCHMOYER REINHARD LLP
3619 Paesanos Parkway, Suite 202
San Antonio, Texas 78231
Phone: (210) 447-8033
Fax: (210) 447-8036

## CERTIFICATE OF SERVICE

     On April 19, 2011, a true and correct copy of this document was filed electronically, notice of the filing was served on all counsel by operation of the Court's electronic filing system, and all parties may access this filing through the Court's electronic filing system.

                                        /s/Shannon B. Schmoyer
                                        Shannon B. Schmoyer