IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JODY BALL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1253 |
| | § | |
| UNITED PARCEL SERVICE, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Rule 12(b)(6) Motion to Dismiss Plaintiff's

Claims in Part ("Motion") [Doc. # 28] filed by Defendant United Parcel Service, Inc.

("UPS"), to which Plaintiff Jody Ball filed a Response [Doc. # 39], and UPS filed a

Reply [Doc. # 41].   UPS seeks dismissal of Plaintiff's claim under the Americans

With Disabilities Act ("ADA"), and his common law claims for civil conspiracy and

invasion of privacy.   Having reviewed the full record and applied governing legal

authorities, the Court **denies** the Motion as to the ADA and civil conspiracy claims

and **grants** the Motion as to invasion of privacy claim.   The Court will permit Plaintiff

to file an amended complaint consistent with this ruling.

## I.    BACKGROUND

Plaintiff was employed by UPS, most recently as an Operations Supervisor.  On

June 2, 2009, Plaintiff suffered a knee injury while on duty and underwent knee

surgery in July 2009.  Plaintiff applied for and received Workers Compensation benefits.

Plaintiff filed this lawsuit on April 16, 2010.  On January 12, 2011, Plaintiff filed a First Amended Complaint [Doc. # 17], in which Plaintiff added claims under the ADA, a Texas common law claim for invasion of privacy, and a civil conspiracy claim.  Defendant has moved to dismiss these three claims.  The Motion has been fully briefed and is ripe for decision.

## II.   STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citations omitted).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009); *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Id.* at 1950.  "Factual allegations must be enough to raise a right to relief about

the speculative level, on the assumption that all the allegations in the complaint are true . . ..”  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.   ANALYSIS

### A.   ADA Claim

Defendant seeks dismissal of Plaintiff's ADA claim, asserting that he had not exhausted his administrative remedies.  Defendant concedes that Plaintiff has now received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") in connection with his ADA claim.  Consequently, it appearing that Plaintiff has now exhausted his administrative remedies before the EEOC, Defendant's Motion to Dismiss the ADA claim is denied.

### B.   Civil Conspiracy Claim

In the First Amended Complaint, Plaintiff asserts a claim for common law conspiracy.   To establish a civil conspiracy, the plaintiff must show that the defendants agreed on a goal or course of action, and that one of them committed an unlawful, overt act in furtherance of the goal or course of action.  *Tri v. J.T.T.,* 162 S.W.3d 552, 556 (Tex. 2005).  Additionally, since civil conspiracy is a derivative tort, the plaintiff must show that the defendants were liable for some underlying tort in order to prevail on this cause of action.  *See Trammell Crow Co. No. 60 v. Harkinson,* 944 S.W.2d 631, 635 (Tex. 1997).

In this case, Plaintiff alleges that UPS interfered with his medical care by "communicating with Mr. Ball's treating health care providers at NOVA in an effort to influence these health care professionals' diagnosis and treatment of Mr. Ball." *See* First Amended Complaint [Doc. # 17], ¶ 13.   Plaintiff alleges further that UPS "directed Jody Ball's NOVA health care providers to ***alter*** and ***falsify*** their diagnosis of Mr. Ball's condition." *Id.*, ¶ 14 (emphasis in original).   Plaintiff alleges that NOVA made the alterations to his medical records as requested by UPS.   These allegations, if proven, could support a civil conspiracy claim under Texas law.   UPS's Motion to Dismiss the civil conspiracy claim is denied.

### C.    Invasion of Privacy Claim

"To establish a claim for invasion of privacy, the complaining party must prove (1) an intentional intrusion, physically or otherwise, upon his solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person." *Valenzuela v. Aquino,* 853 S.W.2d 512, 513 (Tex. 1993).   "This type of invasion of privacy is generally associated with either a physical invasion of a person's property or eavesdropping on another's conversation with the aid of wiretaps, microphones, or spying." *O'Conor v. Frost Nat'l Bank*, 2009 WL 3248279, *6 (Tex. App. – Houston [1st Dist.] Oct. 8, 2009, review denied), *cert. denied*, 131 S. Ct. 155 (2010)  (citing *Vaughn v. Drennon*, 202 S.W.3d 308, 320 (Tex. App. – Tyler 2006,

pet. denied); *Wilhite v. H.E. Butt Co.,* 812 S.W.2d 1, 6 (Tex. App. – Corpus Christi 1991, no writ)).

In this case, Plaintiff merely quotes the language from Texas cases, stating that UPS invaded his privacy rights by "making an intentional and an unreasonable, unjustified and/or unwarranted intrusion, physically or otherwise, upon the solitude, seclusion, or private affairs of Mr. Ball, which would be highly offensive to a reasonable person." *See* First Amended Complaint, ¶ 36.  Plaintiff does not, however, allege facts to support this summary allegation.  As a result, Defendant is entitled to dismissal of the invasion of privacy claim.

There is a general consensus that a strong presumption exists in favor of granting leave to amend rather than dismissing claims with prejudice for failure to plead them adequately.  *See, e.g., United States ex rel. Williams v. Bell helicopter Textron, Inc.*, 417 F.3d 450, 456 (5th Cir. 2005); *Naranjo v. Universal Sur. of Amer.*, 679 F. Supp. 2d 787, 800-01 (S.D. Tex. 2010).  Consequently, the Court will allow Plaintiff an opportunity to amend his complaint to assert a factual basis for an invasion of privacy claim.

## IV.   **CONCLUSION AND ORDER**

For the reasons discussed herein, it is hereby

**ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Claims in Part [Doc. # 28] is **DENIED** as to the ADA claim and civil conspiracy claims and **GRANTED** as to the invasion of privacy claim.  Plaintiff is granted leave to file an amended complaint by **May 27, 2011**.

SIGNED at Houston, Texas, this **29th** day of **April, 2011**.

Nancy F. Atlas
United States District Judge